NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMELLE L. RUSSELL,

Plaintiff - Appellant,

v.

NORWEIQA; STARK; CRUZ;
QUINLANN; ELY STATE PRISON;
Correctional Officer DESHANE,

Defendants - Appellees.

No. 24-2915

D.C. No.
3:20-cv-00350-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 12, 2026[**]

Before: LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Jamelle Russell filed a pro se action under 42 U.S.C. § 1983 against Taylor

Deshane and Michael Stolk—correctional officers for the Nevada Department of

Corrections—alleging an Eighth Amendment violation for requiring Russell to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remain in bloody clothes after a riot occurred at Ely State Prison. The jury returned a verdict against Russell and in favor of the two officers. Judgment was entered in accordance with the verdict. Russell now raises several challenges, ranging from the denial of his motions for appointment of counsel pursuant to alleged judicial misconduct.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Because Russell did not object to any of the alleged errors during trial, we review his challenges for plain error. *United States v. Percy*, 250 F.3d 720, 725 (9th Cir. 2001). To establish plain error, Russell must show that "(1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020).

1. <u>Denial of appointment of counsel.</u> The district court did not plainly err by denying Russell's motions for appointment of counsel. Although there is no right to counsel in civil actions, "a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (internal quotation marks omitted). This

---

[1] To the extent that Russell challenges the sufficiency of the evidence he is barred from bringing such a challenge because he did not preserve it by making a Rule 50 motion. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (explaining that a Rule 50 motion is "an absolute prerequisite to any appeal based on insufficiency of the evidence"). Thus, we do not address the merits of Russell's Eighth Amendment claim and only address alleged trial-related errors.

court should "affirm the district court's denial of [a pro se plaintiff's] motion for request of counsel under section 1915(d)" unless the plaintiff can show "likelihood of success on the merits" and the court must consider "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified). The district court correctly rejected Russell's arguments in his motions that his lack of education and experience warranted appointment of counsel. On appeal, Russell has not made any argument why his circumstances are exceptional. Thus, Russell has not shown that the district court committed error.

2. <u>Alleged judicial misconduct.</u>  Russell also fails to show plain error involving judicial misconduct. To succeed on this objection, the record must show "actual bias" by the trial judge "or leave [ ] the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *United States v. Mostella*, 802 F.2d 358, 361–62 (9th Cir. 1986) (citation omitted). Here, there is no misconduct supported by the record. Russell claims that the judge did not allow him to cross-examine Officer Stolk to "get the jury home," but the record shows that he did in fact cross-examine Officer Stolk. Additionally, Russell argues that the district court improperly barred him from showing opposing counsel's "egregious behavior" during trial which he alleges caused jury bias, such as by showing "a horrible picture

3

of [Ely State Prison]." Russell does not specify in what way the district court disallowed him from showing "egregious behavior," nor on what basis certain evidence should have been excluded. In any event, a district court does not engage in misconduct by allowing or disallowing certain evidence that may generally cause a jury to favor one side over the other—that result is inherent in our adversarial system. Thus, Russell has not pointed to any judicial misconduct.

3. Restraints on Russell during trial. The district court's use of physical restraint on Russell during trial does not constitute plain error. "The [trial] judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures." *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994) (per curiam). The district court decided that some restraints were necessary because Russell had been convicted of child abuse with substantial bodily harm, and first-degree murder while using a deadly weapon. Further, the district court decided to leave Russell's right hand unrestrained so that he could write during trial. We have held an exception to the district court's broad discretion where "the inmate's dangerousness and flight risk were central issues at the trial" and the restraints were visible to the jury. *Claiborne v. Blauser*, 934 F.3d 885, 890 (9th Cir. 2019). Here, Russell's dangerousness and flight risk were not issues at trial, nor has he pointed to anything in the record suggesting that his restraints were visible to the jury. Importantly, Russell did not argue that "the

4

[alleged] error affected his substantial rights" and that it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 979 F.3d at 636. Russell therefore has not shown plain error regarding the district court's decision to partially restrain him during trial.

4. <u>Alleged lying under oath.</u> Finally, we do not review Russell's complaints about witnesses lying under oath because such credibility issues are for the jury to decide. *See United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002) (explaining that "[i]t was within the province of the jury to resolve the disputed testimony").

**AFFIRMED**.